**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| GERALD LEE O'NEAL, )<br>#11048-021, )<br> )<br>               Petitioner, )<br>v. )<br> )<br>JOHN J. LAMANNA, WARDEN, )<br>FCI-EDGEFIELD, )<br> )<br> )<br>               Respondent. )<br>_____) | Civil Action No. 9:08-3120-PMD-BM<br><br>**REPORT AND RECOMMENDATION** |

This Petition for a writ of habeas corpus was filed on September 9, 2008, pursuant to 28 U.S.C. § 2241.[1] Respondent filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P. and/or for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on November 18, 2008. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on November 19, 2008, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case. On December 15, 2008, Petitioner filed a memorandum in opposition to the Respondent's motion, following which the Respondent

---

[1] Since there is not a delivery date to the mail room on the envelope, the undersigned has used the date of the application as the filing date. Cf Houston v. Lack, 487 U.S. 266 (1988). See Document 1-8.

1



filed a reply memorandum on the same date.[2]

This matter is now before the Court for disposition.[3]

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(C), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

**I.**

---

[2] Petitioner's memorandum in opposition is dated December 8, 2008, and it appears that Respondent received it prior to its filing date.

[3] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 19.02(B)(2)(c), D.S.C. The Respondent has filed a motion to dismiss or for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

2



Petitioner is challenging the Bureau of Prisons's ("BOP") determination that he is not eligible for the early release benefit available to inmates who successfully complete the Residential Drug Abuse Program ("RDAP"). Although Petitioner may pursue this claim under 28 U.S.C. § 2241, this remedy can be sought only after Petitioner has exhausted his administrative remedies. See Montoya v. Fleming, No. 04-10780, 2005 WL 102992 (5th Cir. Jan. 19, 2005)[affirming dismissal of § 2241 petition alleging failure by BOP to award sentence reduction via drug treatment program, where petitioner failed to exhaust administrative remedies]; United States v. D'Ambrosia, No. 02-2944, 2003 WL 22100846 at * 1, (3d Cir. Sept. 11, 2003); United States v. Shanklin, No. 87-7395, 1988 WL 41128 at **2 (4th Cir. April 28, 1988). "It is only when a prisoner has exhausted his administrative remedies that he becomes entitled to litigate the matter in the district court." Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984). See also Alexander v. Hawk, 159 F.3d 1321 (11th Cir. 1998); United States v. Mathis, 689 F.2d 1364, 1365 (11th Cir. 1982).

Respondent does not dispute that Petitioner has exhausted his administrative remedies in this case. Therefore, this § 2241 Petition is properly before this Court for consideration.

## II.

The BOP is required to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). Further, the "period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the [BOP], but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B). As part of its compliance with this provision, the BOP published a



3

regulation excluding prisoners incarcerated for an offense that involved the carrying, possession, or use of a firearm or other dangerous weapon from being eligible for early release under this program. 28 C.F.R. § 550.58.  For purposes of the regulations, this includes an inmate who is accused of manufacturing drugs (21 U.S.C. § 841) and received a two level enhancement at sentencing for possession of a firearm.  See Program Statement 5162.04.

The record reflects that on November 1, 2002, Petitioner was sentenced to a total term of one hundred and twenty-one (121) months incarceration by the United States District Court for the Southern District of Georgia, for Possession of a List I Chemical with Intent to Manufacture a Controlled Substance (21 U.S.C. § 841(c)(1)).  See Respondent's Exhibit One  (Judgment and Commitment Order).  It is undisputed that Petitioner received a two point gun enhancement as part of this sentence.  See Respondent's Exhibit Three, p. 7.  Petitioner is currently incarcerated at the Federal Correctional Institution (FCI) in Edgefield, South Carolina, with a projected release date of June 7, 2011, via Good Time Credit (GCT) Release.  See Respondent's Exhibit Two.

Petitioner is challenging the Program Coordinator's response to his inquiry concerning his eligibility to participate in the RDAP, the successful completion of which might entitle him to early release.  The Program Coordinator responded to his inquiry by stating that,

> At this time you have not been formally interviewed for the Residential Drug Abuse Program, therefore you have not been officially denied any benefits of the program. Per your request a review  of your PSI was conducted in reference to the early release benefit and your PSI indicates that you are convicted of Possession of a List I Chemical With Intent to Manufacture a Controlled Substance and received a 2 point enhancement for possession of a firearm.
>
> According to the Bureau of Prison's Program statement 5162.04, section 7(b), an inmate who was convicted of 21:USC:841, and received a two-level enhancement for possession of a dangerous weapon (firearm), will be precluded from receiving certain Bureau program benefits, to include the early release benefit.  This Specific Offense Characteristic (possession of a dangerous weapon during the commission



of a drug offense) poses a serious potential risk that force may be used against persons or property. According to the U.S. Sentencing Guidelines 2D1.1, application note 3, the enhancement for weapon possession reflects the increased danger of violence when individuals involved in drug crimes possess weapons.

See Petitioner's Exhibit (Attached to Complaint).

In his request for administrative remedy dated May 13, 2008, Petitioner requested that the BOP not apply the decision to preclude inmates with a gun enhancement from being eligible for the early release benefit. See Petitioner's Exhibit (Attached to Complaint). The Warden responded that,

> Our investigation reveals that as of this date you have not yet been interviewed for the Residential Drug Program; therefore, no formal determination of eligibility for early release has been made.
>
> Once you are interviewed for the program, a determination will be made in regards to your eligibility for the program as well as your eligibility for an early release.
>
> In reference to the case law you cite [Petitioner cited a 9th Circuit opinion], that decision is only applicable in the 9th Circuit at this time. There is no corresponding case law in the 4th Circuit (South Carolina) presently. Currently, the Bureau of Prison's Program statement 5162.04, section 7(b) states, an inmate who was convicted of 21:USC:841, and received a two-level enhancement for possession of dangerous weapon (firearm), will be precluded from receiving certain Bureau program benefits, to include the early release benefit.
>
> Therefore, based on the above information, your Request for Administrative Remedy is for informational purposes only.

See Petitioner's Exhibit (Attached to Complaint).

On apparently June 2, 2008[4], the Petitioner appealed the Warden's decision. See Petitioner's Exhibit (Attached to Complaint). The Regional Director replied in the relevant portion,

> This is in response to your Regional Administrative Remedy Appeal receipted June

---

[4]The Petitioner did not sign and date the form. However, there is a notation on the form that it was mailed on June 2, 2008. See Petitioner's Exhibit (Attached to Complaint).



> 6, 2008. You state that the Bureau of Prisons is reviewing the enhancements instead of the actual crime in consideration of 3621(e) early release. As a relief, you state you would like to be granted eligibility for 3621(e) early release upon completion of the Residential Drug Abuse Program (RDAP).
>
> Drug Abuse Program records were reviewed and indicated you have never participated in the RDAP at FCI Edgefield or any other Bureau of Prisons institution, nor are you on the RDAP waiting list. In addition, you have not been interviewed for RDAP eligibility. Thus, early release eligibility has not been determined in your case.
>
> The <u>Arrington v. Daniels</u> decision applies only to those inmates who are currently housed in a Ninth Circuit institution or completed the unit-based portion of RDAP programming in a Ninth Circuit institution. FCI Edgefield is in the Fourth Circuit.
>
> Accordingly, your Regional Administrative Remedy Appeal is denied.

<u>See</u> Petitioner's Exhibit (Attached to Complaint).

Petitioner then appealed to the Central Office on July 30, 2008. <u>See</u> Petitioner's Exhibit (Attached to Complaint). The Central Office Administrator replied in the relevant portion,

> Our review revealed that on August 11, 2008, you were placed on the RDAP waiting list at FCI Edgefield and officially determined to be ineligible for early release under 18 U.S.C. § 3621(e). You were convicted of 21 U.S.C. § 841(c)(1), Possession of a List I Chemical with the Intent to Manufacture a Controlled Substance. You also received a two-level specific offense characteristic enhancement for possession of a firearm. The above referenced regulation and P.S. 5162.04, <u>Categorization of Offenses</u>, identify your offense as one that, at the Director's discretion, shall preclude you from receiving certain program benefits, including early release. There is no entitlement to any early release sentence reduction. We find the decision that you are precluded from receiving a sentence reduction to be consistent with the above-referenced statute, regulation, and program statements.
>
> Accordingly, your appeal is denied.

<u>See</u> Petitioner's Exhibit (Attached to Response in Opposition to Summary Judgment).

### III.

Petitioner does not dispute that he has not entered or completed the RDAP, a fact confirmed by the case history cited hereinabove. Rather, Petitioner is seeking a predetermination



6

by this Court that he *would be* eligible for early release (even though his offense included a two-point weapon enhancement) if he were to enter and then successfully complete this program. However, this issue is not ripe for decision since Petitioner has not completed the program which is a requirement to be eligible for the early release he seeks. Texas v. United States, 523 U.S. 296, 300 (1998)[Claim not ripe for adjudication if it rests upon "contingent future events that may not occur as anticipated, or indeed may not occur at all"], quoting Thomas v. Union Carbide Agricultural Products, Co., 473 U.S. 568, 580-581 (1985).

Respondent argues, and the undersigned agrees, that until Petitioner successfully completes the RDAP and is then officially denied a sentence reduction, his claims are merely hypothetical and not ripe for judicial review. While Petitioner has been advised that, under current regulations, he would be precluded from receiving a sentence reduction, Petitioner may ultimately be found to be eligible, or the regulations concerning eligibility could even change between now and Petitioner obtaining eligibility, if indeed he ever even completes the program at all. Therefore, this § 2241 Petitioner is premature, and should be dismissed, without prejudice. Cf. United States v. Lewis, No. 05-612, 2005 WL 2792395 (S.D.Ala. Oct. 26, 2005)[finding petition premature where Petitioner had not completed RDAP and had not made a final determination as to Petitioner's entitlement to early release]; King v. Federal Bureau of Prisons, No. 09-323, 2009 WL 764948 at **3-4 (D.S.C. Mar. 23, 2009)["[O]nly inmates who have successfully completed RDAP are eligible for early release."]; Sears v. Lappin, No. 07-071, 2007 WL 4287713 at * 3 (S.D.Ga. Dec. 3, 2007)[Issue not ripe where Petitioner had not completed RDAP program, BOP had only provisionally determined that petitioner was ineligible for early release under the current regulations, and where final decision would only be made if and when petitioner actually completed the



program].

**IV**.

Although, since Petitioner has not completed the program which is a prerequisite to be awarded the credit he seeks, the undersigned does not believe the Court should issue what would essentially be an advisory opinion on this Petition, it is admittedly a closer call when the BOP has made "an official determination" of eligibility, which is arguably the case here. See Petitioner's Exhibit (Attached to Memorandum in Opposition to Summary Judgment); cf. Johnson v. Ziegler, No. 09-7, 2009 WL 1097530 (N.D.W.Va. Apr. 22, 2009)[Issue discussed on the merits where Petitioner was enrolled in but had not yet completed the program, but had been determined ineligible for early release]; Perez v. Hemingway, 157 F.Supp.2d 790, 793 (E.D.Mich. 2001)[holding that successful completion of a drug and alcohol treatment program in which Petitioner was currently enrolled is not a prerequisite to a federal inmate seeking judicial review of a BOP's determination of prospective eligibility for sentence reduction under ¶3621(e)(2)(B)]; Pickrel v. Daniels, No. 04-462, 2004 WL 1445106 at *4 (D.Or. June 24, 2004)[Although the respondent argued that the case was not ripe because the petitioner was currently on the waiting list to participate in DAP, the court considered the issue on the merits, finding that "a petition is ripe when the BOP determines eligibility, not after a petitioner completes a portion of the program."]. Therefore, based on the BOP's "official determination" as set forth in the case exhibits, and in the interest of judicial economy, the undersigned has addressed this issue on the merits in the event the Court determines this issue to be ripe for decision at this time.

The regulation at issue in the relevant section,

> excludes from early release consideration inmates whose current offense includes, among other things, "an offense that involved the carrying, possession, or use of a



> firearm or other dangerous weapon or explosives." []Thus, under the clear language of the regulation, even though Petitioner may have been convicted of possession only, he is still categorically excluded from early release consideration.

Hicks v. Federal Bureau of Prisons, ___ F.Supp.2d ___, 2009 WL 689057 (D.S.C. Mar. 16, 2009)(quoting 28 C.F.R. § 550.55)). Although Petitioner contends that the BOP abused its discretion by adding language to its regulation making prisoners guilty of mere *possession* of a firearm ineligible for early release, the United States Supreme Court has upheld the regulation at issue as a valid exercise of the BOP's discretion. Lopez v. Davis, 531 U.S. 230, 242 (2001)["We think the agency's interpretation is reasonable both in taking account of preconviction conduct and in making categorical exclusions."].

In his Petition, the Petitioner cites a Ninth Circuit opinion to support his argument that the regulation was improperly promulgated. See Arrington v. Daniels, 516 F.3d 1106 (9th Cir. 2008). In Arrington, the Ninth Circuit found that the BOP failed to set forth "a rationale for its decision to categorically exclude prisoners convicted of offenses involving the carrying, possession, or use of firearms from eligibility for a sentence reduction under § 3621(e)" and held the regulation invalid. Id. at 1114. However, this decision is not binding on this court, and an overwhelming majority of district courts outside the Ninth Circuit have declined to follow Arrington. See Neal v. Grondolsky, No. 08-2477, 2008 WL 4186901 (D.N.J. Sept. 9, 2008); Gatewood v. Outlaw, No. 08-54, 2008 WL 2002650 (E.D.Ark. May 8, 2008); Riopelle v. Eichenlaub, No. 08-11754, 2008 WL 2949236 at * 2 (E.D.Mich. July 29, 2008). In Hicks, the Court noted that the "Fourth Circuit applies a different standard regarding what type of explanation an agency must provide for its action. 'While an agency must examine the relevant data and articulate a satisfactory explanation for its action[,] including a rational connection between the facts found and the choice made, courts will



9

uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned.'" Hicks, 2009 WL 689057 (quoting 1000 Friends of Maryland v. Browner, 265 F.3d 216, 238 (4th Cir. 2001)(internal quotations omitted). Other courts have also disagreed with Arrington's finding that the BOP did not provide an explanation for why it exercised its discretion in this matter. See Hicks, 2009 WL 689057 (quoting Minotti v. Whitehead, 584 F.Supp.2d 750, 765 (D.Md. 2008)["Closer examination of Arrington reveals the fatal flaw in the Ninth Circuit's reasoning. The BOP provided an explanation for why it exercised its discretion to categorically exclude rather than include an entire class of inmates: it was concerned about uniformity . . . . However, that was not an explanation that the Ninth Circuit was willing to accept and, as such, the Ninth Circuit substituted its judgment for that of the agency."]. The Fourth Circuit has also upheld the validity of 28 C.F.R. § 550.58. See Cunningham v. Scibana, 259 F.3d 303, 306-309 (4th Cir. 2001)[regulations differentiating between the terms "crime of violence" and "non-violent offense" are reasonable and valid]. Furthermore, the Fourth Circuit has specifically held that the BOP's consideration of sentencing enhancements under the relevant regulations was appropriate. See Pelissero v. Thompson, 170 F.3d 442, 447 (4th Cir. 1999)["Because possessing a firearm adds an aspect of violence to otherwise nonviolent conduct by posing a risk of danger to others, we conclude that the [BOP] acted permissibly and reasonably in applying 18 U.S.C. § 3621(e)(2)(B) to deny inmates early release when their convictions involve the use or possession of firearms."].

Although Pelissero dealt with a previous version of the regulation at issue here, the undersigned finds its reasoning relevant to the history of the regulation and its interpretation. Therefore, the undersigned does not find that BOP abused its discretion. See McBride v. LaManna, No. 05-1682, 2006 WL 6035750 (D.S.C. Feb. 23, 2006), aff'd, 196 Fed.Appx. 228 (4th Cir. Aug. 30,

10



2006). Petitioner's claim is without merit and should be dismissed.

### V.

Finally, the Court in Hicks also found an additional ground for denying relief. The Court noted that the BOP adopted 28 C.F.R. § 550.55 on March 16, 2009 (the same date as the decision in Hicks), which provides a more detailed rationale regarding why inmates convicted of carrying, possessing, or using a firearm are ineligible for early release consideration.

> Under 18 U.S.C. § 3621(e), the Bureau has the discretion to determine eligibility for early release consideration (See Lopez v. Davis, 531 U.S. 230). The Director of the Bureau exercises discretion to deny early release eligibility to inmates who have a felony conviction for the offenses listed in § 550.55(b)(5)(I)-(iv) because commission of such offenses illustrates a readiness to endanger the public. Denial of early release to all inmates convicted of these offenses rationally reflects the view that, in committing such offenses, these inmates displayed a readiness to endanger another's life.
> The Director of the Bureau, in his discretion, chooses to preclude from early release consideration inmates convicted of offenses involving carrying, possession or use of a firearm and offenses that present a serious risk of physical force against person or property, as described in §§ 550.55(b)(5)(ii) and (iii). Further, in the correctional experience of the Bureau, the offense conduct of both armed offenders and certain recidivists suggests that they pose a particular risk to the public. There is a significant potential for violence from criminals who carry, possess or use firearms. As the Supreme Court noted in Lopez v. Davis, "denial of early release to all inmates who possessed a firearm in connection with their current offense rationally reflects the view that such inmates displayed a readiness to endanger another's life. Id. at 240. The Bureau adopts this reasoning. The Bureau recognizes there is a significant potential for violence from criminals who carry, possess or use firearms while engaged in felonious activity. Thus, in the interest of public safety, these inmates should not be released months in advance of completing their sentences.
> It is important to note that these inmates are not precluded from participating in the drug abuse treatment program. However, these inmates are not eligible for early release consideration because the specified elements of these offenses pose a significant threat of dangerousness or violent behavior to the public. This threat presents a potential safety risk to the public if inmates who have demonstrated such behavior are released to the community prematurely. Also, early release would undermine the seriousness of these offenses as reflected by the length of the sentence which the court deemed appropriate to impose.

Hicks, 2009 WL 689057 (quoting Drug Abuse Treatment Program, 74 Fed.Reg. 1892, 1895 (Jan.



14, 2009)).

The Court in Hicks found this new regulation provided an additional basis for dismissing the petition and after careful analysis found that it could be applied to pending cases. The undersigned agrees and, based on the reasoning in Hicks, finds that the new regulation adds clarity and provides an additional basis for dismissing this petition.

### Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed,** without prejudice, as being not ripe for decision.  Thomas, 73 U.S. at 580-581; Lewis, 2005 WL 2792395, at \*4.  In the alternative, if the Court finds it appropriate to address the Petition on the merits, it is recommended that this Petition be **dismissed**, with prejudice.  Hicks, 2009 WL 689057.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

May 18, 2009
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

