# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gerald Lee O'Neal, #11048-021, | ) |
|     Petitioner, | ) C/A No.: 9:08-3120-PMD-BM |
| v. | ) |
| John J. LaManna, Warden, FCI Edgefield, | ) **ORDER** |
|     Respondent. | ) |

This matter is before the Court upon Petitioner Gerald Lee O'Neal's ("Petitioner") Objections to a United States Magistrate Judge's Report and Recommendation ("R&R"), which recommended the court grant Respondent's Motion for Summary Judgment for lack of ripeness or, alternatively, dismiss the claims on their merits with prejudice. Having reviewed the entire record, including the Petitioner's Objections, the Court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## BACKGROUND

The Bureau of Prisons ("BOP") is required to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). Further, the "period a prisoner convicted of a nonviolent offense may be reduced by the [BOP], but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B). As part of its compliance with this provision, the BOP published a regulation excluding prisoners incarcerated for an offense that involved the carrying, possession, or use of a firearm or other dangerous weapon from being eligible for early release under this program. 28 C.F.R. § 550.58. For purposes of the regulations, this includes an inmate who is accused of manufacturing drugs (21

U.S.C. § 841) and received a two level enhancement at sentencing for possession of a firearm. *See* Program Statement 5162.04.

The record reflects that on November 1, 2002, Petitioner was sentenced to a total term of 121 months' incarceration by the United States District Court for the Southern District of Georgia for Possession of a List I Chemical with Intent to Manufacture a Controlled Substance (21 U.S.C. § 841(c)(1)). (Resp. Ex. 1.) It is undisputed that Petitioner received a two point gun enhancement as part of this sentence. (Resp. Ex. 3.) Petitioner is currently incarcerated at the Federal Correctional Institution (FCI) in Edgefield, South Carolina, with a projected release date of June 7, 2011, via Good Time Credit (GCT) Release.

Petitioner is challenging the Program Coordinator's response to his inquiry concerning his eligibility to participate in the Residential Drug Abuse Program ("RDAP"), the successful completion of which might entitle him to early release. The Program Coordinator responded to his inquiry by stating:

> At this time, you have not been formally interviewed for the Residential Drug Abuse Program, therefore you have not been officially denied any benefits of the program. Per your request, a review of your PSI was conducted in reference to the early release benefit and your PSI indicates that you are convicted of Possession of a List I Chemical With Intent to Manufacture a Controlled Substance and received a 2-point enhancement for possession of a firearm.
>
> According to the Bureau of Prison's Program statement 5162.04, section 7(b), an inmate who was convicted of 21:USC:841, and received a two-level enhancement for possession of a dangerous weapon (firearm), will be precluded from receiving certain Bureau program benefits, to include the early release benefit. This Specific Offense Characteristic (possession of a dangerous weapon during the commission of a drug offense) poses a serious potential risk that force may be used against persons or property. According to the U.S. Sentencing Guidelines 2D1.1, application note 3, the enhancement for weapon possession reflects the increased danger of violence when individuals involved in drug crimes possess weapons.

(Exhibit to Petition.) In his request for administrative remedy dated May 13, 2008, Petitioner

requested that the BOP not apply the decision to preclude inmates with a gun enhancement from being eligible for the early release benefit. The Warden responded:

> Our investigation reveals that as of this date you have not yet been interviewed for the Residential Drug Program; therefore, no formal determination of eligibility for early release has been made.
>
> Once you are interviewed for the program, a determination will be made in regards to your eligibility for the program as well as your eligibility for an early release.
>
> In reference to the case law you cite [Petitioner cited a 9th Circuit Opinion], that decision is only applicable in the 9th Circuit at this time. There is no corresponding case law in the 4th Circuit (South Carolina) presently. Currently, the Bureau of Prison's Program statement 5162.04, section 7(b) states, an inmate who was convicted of 21:USC:841, and received a two-level enhancement for possession of dangerous weapon (firearm), will be precluded from receiving certain Bureau program benefits, to include the early release benefit.
>
> Therefore, based on the above information, your Request for Administrative Remedy is for informational purposes only.

(Exhibit to Petition.) On or about June 2, 2008, Petitioner appealed the Warden's decision. The Regional Director replied:

> This is in response to your Regional Administrative Remedy Appeal receipted June 6, 2008. You state that the Bureau of Prisons is reviewing the enhancements instead of the actual crime in consideration of 3621(e) early release. As a relief, you state you would like to be granted eligibility for 3621(e) early release upon completion of the Residential Drug Abuse Program (RDAP).
>
> Drug Abuse Program records were reviewed and indicated you have never participated in the RDAP at FCI Edgefield or any other Bureau of Prisons institution, nor are you on the RDAP waiting list. In addition, you have not been interviewed for RDAP eligibility. Thus, early release eligibility has not been determined in your case.
>
> The *Arrington v. Daniels* decision applies only to those inmates who are currently housed in a Ninth Circuit institution or completed the unit-based portion of RDAP programming in a Ninth Circuit institution. FCI Edgefield is in the Fourth Circuit.
>
> Accordingly, your Regional Administrative Remedy Appeal is denied.

(Exhibit to Petition.) Petitioner then appealed to the Central Office on July 30, 2008. The Central Office Administrator replied:

> Our review revealed that on August 11, 2008, you were placed on the RDAP waiting list at FCI Edgefield and officially determined to be ineligible for early release under 18 U.S.C. § 3621(e). You were convicted of 21 U.S.C. § 841(c)(1), Possession of a List I Chemical with the Intent to Manufacture a Controlled Substance. You also received a two-level specific offense characteristic enhancement for possession of a firearm. The above referenced regulation and P.S. 5162.04, *Categorization of Offenses*, identify your offense as one that, at the Director's discretion, shall preclude you from receiving certain program benefits, including early release. There is no entitlement to any early release sentence reduction. We find the decision that you are precluded from receiving a sentence reduction to be consistent with the above-referenced statute, regulation, and program statements.

Accordingly, your appeal is denied.

Petitioner has now filed a habeas corpus petition pursuant to 28 U.S.C. § 2241, and Respondent has moved for summary judgment. The Magistrate Judge recommended that Respondent's Motion for Summary Judgment be granted and Petitioner's Petition dismissed, without prejudice, because his claims are merely hypothetical and not ripe for judicial review as Petitioner has not completed the program which is a prerequisite to be awarded the credit he seeks. (R&R at 7.) If the court decides to rule on the merits of Petitioner's claims, the Magistrate Judge recommended the court dismiss Petitioner's petition with prejudice. (R&R at 12.) Petitioner objects to these recommendations.

## STANDARD OF REVIEW

### I. Standard for Reviewing Magistrate Judge's R&R

The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the court retains the responsibility for making a final determination. *Mathews v. Weber*, 423 U.S. 261, 269 (1976). If a party makes a written objection to a Magistrate Judge's

4

report within ten days of being served with a copy of that report, the court will review the specific objections *de novo*. 28 U.S.C. § 636(b)(1). The court is allowed to accept, reject, or modify the R&R in whole or in part. *Id*. Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id*. *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a court is charged with liberally construing a complaint filed by a *pro se* litigant to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The requirement of liberal construction, however, does not mean the court can ignore a clear failure to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

II. **Legal Standard for Summary Judgment**

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "obligation of the nonmoving party is 'particularly strong when the nonmoving party bears the burden of proof.'" *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990)). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." *Celotex*, 477 U.S. at 327.

## DISCUSSION

As to the Magistrate Judge's recommendation that his Petition be dismissed, without prejudice, because it is not yet ripe for review, Petitioner believes the Magistrate Judge contradicted himself when he made this recommendation since he also stated, "this § 2241 Petition is properly before this Court for consideration." In stating that the Petition was properly before the court for consideration, the Magistrate Judge was referring to the fact that Petitioner exhausted his administrative remedies. This procedural finding has no relevance to whether the merits of Petitioner's Petition are ripe for review.

Petitioner also asserts that his case is ripe for judicial review because the BOP "establishes an inmate's [Good Time Credit] release date, albeit projected, from the date the sentence commences," not "upon completion of [an inmate's] sentence." (Objections at 4.) This argument implies that the early release for completing the RDAP should mirror that of the GCT release. This argument is flawed because it overlooks the fact that a GCT release date is still a hypothetical calculation. Moreover, 18 U.S.C. § 3621(e)(2)(B) provides, "The period a prisoner . . . remains in custody *after* successfully completing a treatment program *may* be reduced by the [BOP]." (emphasis added). Therefore, the statutory language supports the view that one

6

must complete the RDAP before becoming eligible for early release.

"The doctrine of ripeness prevents judicial consideration of issues until a controversy is presented in 'clean cut and concrete form.'" *Miller v. Brown*, 462 F.3d 312, 318–19 (4th Cir. 2006) (quoting *Rescue Army v. Mun. Court of L.A.*, 331 U.S. 549, 584 (1947)). Moreover, a claim is not "concrete" if it depends on "contingent future events that may not occur as anticipated, or indeed may not occur at all." *See Thomas v. Union Carbide Agricultural Products, Co.*, 473 U.S. 568, 580-81 (1985) (citation omitted). No dispute exists over the fact that Petitioner has not completed the RDAP program; rather, he seeks a predetermination by the court that he would be eligible for early release if he does complete the program. This question clearly contemplates a contingent scenario not fit for judicial resolution.

The RDAP program consists of 3 phases: the first phase is a residential unit component, which lasts a minimum of 500 hours over a six to twelve-month period. *Minotti v. Whitehead*, 584 F. Supp. 2d 750, 755 (D. Md. 2008) (describing the RDAP process in detail). The second phase is the institution transitional services component where inmates are provided counseling support for a minimum of one hour per month over a period of 12 months while the inmate transition back into the general population. *Id.* After successful completion of the second phase, the inmate begins the third phase of the program, which is the community transitional services component, which lasts up to six months when the inmate is transferred to a community corrections center or to home confinement. *Id.* Since Petitioner has yet to begin this program, the completion of which is a prerequisite for consideration for early release, Petitioner's claim is not ripe for adjudication because it is based on future contingencies that may or may not occur. *See Holland v. Fed. Bureau of Prisons*, No. 0:08-3960, 2009 WL 2872835, at *1 (D.S.C. Sept.

2, 2009) (holding that a prisoner's claim was not ripe because the RDAP was not completed, even though the prisoner was previously notified of his ineligibility for early release); *Gay v. LaManna*, No. 2:08-3624, 2009 WL 790336, at *1–2 (D.S.C. Mar. 25, 2009) (same); *King v. Fed. Bureau of Prisons*, No. 9:09-323, 2009 WL 764948, at *3-*4 (D.S.C. Mar. 23, 2009) (same).

## CONCLUSION

Based on the foregoing, it is **ORDERED** that Petitioner's Petition pursuant to 28 U.S.C. § 2244 be dismissed, without prejudice.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**September 22, 2009**
**Charleston, SC**

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within (30) days from the date hereof, pursuant to Fed. R. App. P. 3–4.

8